UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS ON BEHALF OF THE ESTATE
OF GREEKTOWN HOLDINGS, LLC,

                Plaintiff,

vs.

DIMITRIOS ("JIM") PAPAS, VIOLA PAPAS,
TED GATZAROS, MARIA GATZAROS,
BARDEN DEVELOPMENT, INC., LAC VIEUX
DESERT BAND OF LAKE SUPERIOR
CHIPPEWA INDIANS, SAULT STE. MARIE
TRIBE OF CHIPPEWA INDIANS, KEWADIN
CASINOS GAMING AUTHORITY, and
BARDEN NEVADA GAMING, LLC,

                Defendants.
_____/

Civil Action No.
10-cv-12628, 10-cv-12742, 10-cv-12774

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE
WITHOUT PREJUDICE**

On May 28, 2010, Greektown Holdings, LLC ("Holdings" or "Plaintiff") commenced an adversary proceeding in the Bankruptcy Court seeking to recover allegedly fraudulent transfers from the following: Dimitrios and Viola Papas ("the Papases"), Ted and Maria Gatzaros ("the Gatzaroses"), Sault Ste. Marie Tribe of Chippewa Indians ("the Tribe"), Kewadin Casinos Gaming Authority ("Kewadin Authority"), Barden Nevada Gaming, LLC ("Barden Nevada") and Lac Vieux Desert Band of Lake Superior Chippewa Indians ("Lac Vieux") (collectively, "Defendants"). On June 28, 2010, Defendants filed an Answer and Jury Demand with the Bankruptcy Court. On July 1, 2010, the Papases and the Gatzaroses filed a Motion for Withdrawal of the Reference with this

1

Court [Doc. No. 1].¹ The Tribe and Kewadin Authority joined in the Motion on July 8, 2010, as did Lac Vieux on July 27, 2010. Plaintiff filed a Response on July 21, 2010. On August 16, 2010, a Reply was filed by the Papases, the Gatzaroses, and Barden Nevada. This Reply was joined on August 17, 2010, by the Tribe and Kewadin Authority. Oral argument was held on November 5, 2010.

For the following reasons, the Court **DENIES** Defendants' Motion to Withdraw the Reference **WITHOUT PREJUDICE**.

## I. BACKGROUND

This is a procedural motion. Prior to filing for bankruptcy, Holdings, in a series of transactions, transferred $177 million to the Defendants. Plaintiff Holdings now seeks to avoid these transfers, alleging that the transactions were made at the insistence of direct and indirect owners of Holdings, and that the transfers left Holdings insolvent.

Although the plan of reorganization was confirmed in the underlying bankruptcy case on January 22, 2010, several adversary proceedings have been filed and the case is ongoing.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 157(d), the Court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on a timely motion of any party, for cause shown." The Court analyzes six factors in deciding whether sufficient "cause" has been

---

¹L.B.R. (E.D. Mich.) 9015-1 requires that motions to withdraw the reference be filed concurrently with the party's jury demand. Defendants filed their jury demand together with the instant Motion to Withdraw the Reference in the Bankruptcy Court on June 28, 2010. *See The Official Comm. of Unsecured Creditors, et al v. Papas, et al (In re Greektown Holdings, LLC)*, Adv. Pro. No. 10-05712, Doc. No. 11. However, due to a delay in transmitting the file from the Bankruptcy Court to this Court, the Motion was not docketed until July 1, 2010.

shown:

> (1) whether the claim is core or non-core, (2) what is the most
> efficient use of judicial resources, (3) what is the delay and what
> are the costs to the parties, (4) what will promote uniformity of
> bankruptcy administration, (5) what will prevent forum shopping,
> and (6) other related factors.

*In re Mathson Industries, Inc.*, 408 B.R. 888, 892 (E.D. Mich. 2009) (quoting *South St. Seaport Ltd. Pshp. v. Burger Boys*, 94 F.3d 755, 762 (2d Cir. 1996)).

### III.  ANALYSIS

### A.  Immediate Withdrawal of the Reference

As a preliminary matter, the Court will address whether withdrawal should be considered immediately or if consideration should be deferred until the case is ready for trial.  Defendants argue that withdrawal should be immediate and all pretrial matters should be handled by the District Court.  In support of this argument, Defendants emphasize the complexity of this case, stating that judicial economy favors this Court having direct control over the "roadmap" of the case created during the pretrial phase.  Defendants note that dispositive issues will be decided in the Bankruptcy Court and appealed to the District Court absent immediate withdrawal of the reference, which will hinder judicial economy by adding another "layer" of appeal.

Generally, the Courts of this District have denied withdrawing the reference until the case is ready for trial.  *See In re Lost Peninsula Marina Dev. Co.*, LLC, No. 10-10264, 2010 WL 3070134 (E.D. Mich. Aug. 4, 2010), *In re Charles A. Snooks*, No. 08-14180, 2009 WL 230598 (E.D. Mich. Jan. 29, 2009), and *In re Collins & Aikman Corp.*, No. 07-13457, 2007 WL 3171519 (E.D. Mich. Oct. 29, 2007).  However, there are cases in which judicial economy may be better served by immediate withdrawal.  *See In re Pine River Plastics, Inc.*, No. 08-15284, 2009 WL

365560 at *2 (E.D. Mich. 2009) (holding that "While [later withdrawal] may be the preference of another judge in this district, the Court finds that judicial economy will be equally served by withdrawing the reference in this case at this time.").

In the instant case, the Court finds that judicial economy is best served if pretrial matters are decided by the Bankruptcy Court. The Court finds it particularly significant that the Bankruptcy Court is already familiar with the parties, transactions, and evidence at issue in this complex case. Thus, the Bankruptcy Court is in the best position to rule on the issues that typically arise during the pretrial period. The Bankruptcy Court also has years of expertise in fraudulent conveyance claims. Indeed, the Bankruptcy Court has been dealing with the current parties and issues surrounding Holdings' bankruptcy as far back as May 29, 2008.

Defendants claim that litigating pretrial issues with the Bankruptcy Court will hinder judicial economy because complex, dispositive issues of non-bankruptcy law will be appealed to this District Court. But the vast majority of pretrial matters will likely be basic evidentiary issues. Moreover, the Court notes that the Bankruptcy Court's experience with the current parties and the transactions at issue makes it particularly well-suited to handle these complex matters. Judicial economy will not be hindered – indeed, it may be better served – if these matters are first briefed and argued to the Bankruptcy Court.

### B. Merits of Defendants' Motion for Withdrawal of the Reference

The Court declines to address the merits of Defendants' Motion until such time as the case is ready for trial and Defendants renew their Motion for Withdrawal of the Reference.

## IV. CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' Motion for Withdrawal of the Reference **WITHOUT PREJUDICE**.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 18, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 18, 2010.

S/Denise Goodine
Case Manager